CHARLES R. McAVOY, APPELLEE, V. MARION OSBORN,
APPELLANT.

FILED APRIL 1, 1916. No. 18847.

1. **Replevin: DAMAGES: REMITTITUR.** In an action of replevin, where the jury has returned a verdict for the defendant, based on conflicting evidence, fixing an excessive value to the property in controversy, which excess the defendant offers to remit, it is ordinarily the duty of the court to order a remittitur and render a judgment on the verdict.

2. ————: **JUDGMENT OF DISMISSAL.** If, however, the court, after setting aside the verdict, makes a finding that there was fraud in the bill of sale under which the plaintiff claimed the right to the possession of the property, and that the parties should be left in the situation in which they were at the commencement of the action, it is error to dismiss the case, and thereby leave the plaintiff in possession of the property which he has obtained by means of the writ.

APPEAL from the district court for Keith county: HANSON M. GRIMES, JUDGE. *Reversed.*

*Hoagland & Hoagland* and *L. A. De Voe,* for appellant.

*H. A. Dano, G. E. Junge* and *C. J. Campbell, contra.*

BARNES, J.

This was an action in which the plaintiff obtained possession of a certain merry-go-round by a writ of replevin. The petition was in the usual form, and the answer was a general denial. On the issue thus joined there was a trial to the jury, and the defendant had the verdict. A motion for a new trial was sustained, and thereupon the court entered a judgment as follows:

"This cause came on for hearing before the court on this 30th day of March, A. D. 1914, being one of the days

of the regular March, 1914, term of the district court of Keith county, Nebraska; Honorable H. M. Grimes, presiding. The cause is heard upon the motion of the plaintiff heretofore filed praying for a new trial in said cause. Upon consideration whereof, and the court being fully advised in the premises, the court finds that the contract between the plaintiff and defendant as to the property involved herein was fraudulent; that both the plaintiff and defendant participated in the fraud; that the verdict is excessive, and said verdict is set aside; that, because the plaintiff and defendant in the transfer of the property from the defendant to the plaintiff were each guilty of fraud, neither is entitled to any relief, and each are regularly to be left in the position that they placed themselves in by their fraud. It is therefore considered and adjudged by the court that this cause of action be and the same is hereby dismissed, and the costs of each party are to be paid by themselves; to each of which findings of fact and the judgment of the court both the plaintiff and the defendant except. It is further ordered that both the plaintiff and defendant be allowed 40 days from the rising of the court to prepare and present their bill of exceptions in this cause."

The defendant has appealed to this court, and contends, among other assignments of error, that the court erred in his findings, and in his judgment dismissing the action, because the plaintiff had obtained possession of the property in controversy by the writ of replevin, and by the judgment of dismissal the property was left in the plaintiff's possession; whereas, by the findings of the court neither party was entitled to any relief. The judgment complained of gave plaintiff the possession of the property which he had obtained by the writ of replevin.

It appears from the record that the question submitted to the jury was the *bona fides* of a certain alleged bill of sale made by the defendant to the plaintiff. On the one hand, it was claimed that the bill of sale was made in fraud

of the creditors of the defendant, while, on the other hand, it was contended that it was not fraudulent, but was made for a valuable consideration which plaintiff paid to the defendant. It also appears that defendant had peaceable possession of the property at the time it was taken from him under the writ of replevin and turned over by the officer to the plaintiff. The jury were properly instructed, and the verdict was based on conflicting evidence. It would therefore seem that the trial court erred in setting aside the verdict. The record shows that the value of the property as fixed by the verdict was excessive, but the defendant offered to remit such excess, and therefore the court should have ordered the remittitur and rendered a judgment on the verdict.

The court, by its findings, however, held that the bill of sale was fraudulent and void, and on that finding predicated his judgment of dismissal. It is apparent that the court overlooked the fact that by virtue of the writ of replevin the plaintiff had obtained possession of the property, and therefore the parties were not in the position in which the court found them, and, if the judgment should be affirmed, the plaintiff will be given possession of the property by means of the writ.

The findings of the court should have the same effect as the findings of the jury on which they based their verdict, viz., that plaintiff is not entitled to retain the possession of the property which he obtained under the writ. Therefore, the judgment should be reversed, and the cause should be remanded, with directions to either render a judgment on the verdict or order the return of the property to the defendant and dismiss the action.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

SEDGWICK, J., not sitting.